**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:12CV540-MOC-DSC**

| | |
|---|---|
| **FORREST TRAVIS COSTON,** ) | |
| ) | |
| **Plaintiff,** ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| ) | |
| **v.** ) | |
| ) | |
| **UNIVERSITY OF NORTH** ) | |
| **CAROLINA AT CHARLOTTE,** ) | |
| **et. al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant University of North Carolina at Charlotte's "Motion to Dismiss" (document #13) and Plaintiff's "Motion to Remand" (document #16), as well as the parties' briefs and exhibits. See documents ##14 and 17.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

In his Amended Complaint, Plaintiff states claims for wrongful discharge in violation of the public policy expressed in N.C. Gen. Stat. § 143-422.2 and wrongful termination based upon race in violation of 42 U.S.C. §§ 1981 and 1983. In its Motion to Dismiss, Defendant seeks dismissal of both claims.

In his "Motion to Remand" (document #16) and "Response to ... Motion to Dismiss and Memo[randum] in Support of Motion to Remand" (document #17), Plaintiff consents to dismissal of his federal claims. Plaintiff further argues that the Court should decline

1

supplemental jurisdiction of his remaining state law claim and remand it to state court. Defendant has not filed a response to Plaintiff's Motion to Remand, and the time for filing a responsive brief has expired.

For the reasons stated therein, and with Plaintiff's consent, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u> as to Plaintiff's federal claims.

Once all federal claims have been dismissed, district courts may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3); <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988)). Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. <u>Chesapeake Ranch Water Co. v. Board of Com'rs of Calvert County</u>, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims). <u>See also</u> <u>Mercer v. Duke University</u>, 401 F.3d 199, 202 (4th Cir. 2005); <u>Pineville Real Estate Operation Corp. v. Michael</u>, 32 F.3d 88, 90 (4th Cir. 1994).

"[I]t is well-settled that a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)." <u>Battle v. Seibels Bruce Ins. Co.</u>, 288 F.3d 596, 606 (4th Cir. 2002) (citing <u>Hinson v. Norwest Fin. S.C., Inc.</u>, 239 F.3d 611, 617 (4th Cir. 2001) (noting that circuit courts of appeal unanimously hold that power to remand is inherent in § 1367(c))).

Accordingly, for this and the other reasons stated in Plaintiff's Motion and Memorandum,

the undersigned respectfully recommends that this Court decline supplemental jurisdiction of Plaintiff's state law claim and remand it to state court.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. Defendant University of North Carolina at Charlotte's "Motion to Dismiss" (document #13) be **GRANTED IN PART** and Plaintiff's claims pursuant to 42 U.S.C. §§ 1981 and 1983 be **DISMISSED WITH PREJUDICE**.

2. Plaintiff's "Motion to Remand" (document #16) be **GRANTED** and Plaintiff's surviving state law claim be **REMANDED** to Mecklenburg County Superior Court.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also

preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel; <u>and to the Honorable Max O. Cogburn, Jr.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: January 10, 2013

David S. Cayer
United States Magistrate Judge